# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### AT LEXINGTON

UNITED STATES OF AMERICA,

     **Plaintiff,**

**V.**

DALLAS W. HATTON,

     **Defendant.**

CRIMINAL NO. 5:18-61-KKC

<u>OPINION AND ORDER</u>

**\*\*\* \*\*\* \*\*\***

Defendant Dallas W. Hatton has moved the Court for relief pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the motion will be denied.

Hatton pleaded guilty to using interstate facilities to induce a minor to engage in sexual activity. By judgment dated June 11, 2018, the Court sentenced him to a prison term of 240 months and to a lifetime of supervised release. He is currently incarcerated at FCI Butner.

He moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." Hatton asserts that he has had a "recent brush with death, due to his rare blood disease 'Hypoplasmosis'" and that, if he remains incarcerated, he will "sooner or later come into contact with" novel coronavirus disease COVID-19 and die.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the Bureau of Prisons (BOP). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). If the defendant himself filed such a motion, the court could not grant it.

The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. This is because the statute says that a "court may not" grant compassionate release unless the defendant files his motion after one of the two events has occurred. *Id.* Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.")

In its response to Hatton's motion, the government argues that the Court cannot grant compassionate release in his case because he has not met the mandatory condition. This is a proper invocation of the mandatory condition. *Id.* (finding no waiver or forfeiture of the mandatory condition where the government timely objected to defendant's "failure to exhaust.") The next issue then is whether Hatton has met the mandatory condition to this Court's ability to grant him compassionate release.

District courts across the country have grappled with the language of the First Step Act to determine precisely what a prisoner has to do before he can successfully bring his own motion for compassionate release in federal court. This Court has done the same, and, like the Eastern

2

District of Arkansas, it has emerged uncertain of anything except: "(1) the statute would benefit from clarifying amendments in Congress and (2) this Court will not be the last word on the question." *United States v. Smith*, No. 4:95-CR-00019-LPR-4, 2020 WL 2487277, at *7 (E.D. Ark. May 14, 2020).

It is clear that, if the warden fails to act on the defendant's request for a compassionate-release motion, the defendant can bring his own motion in federal court after waiting 30 days from the date the warden received his request. The uncertainty arises when a warden denies a defendant's request to file a motion for compassionate release. Can the defendant still come directly to court for relief after the lapse of 30 days from the warden's receipt of the request? Or is the defendant required to first "fully exhaust[] all administrative rights to appeal" the denial? If the defendant must first "fully exhaust" his administrative remedies, must he pursue those remedies until he reaches a final decision? Or is he required to pursue those remedies for only the 30-day period before proceeding to federal court, no matter the status of the administrative procedure?

Courts have come to different conclusions on these issues. In *Smith*, the Eastern District of Arkansas determined that the statute provides only one path to federal court when a warden denies a defendant's request for a compassionate-release motion. Before filing a motion in court, the defendant must fully exhaust his administrative remedies. *Smith*, 2020 WL 2487277, at *9. Other courts, however, have determined that the statute grants a defendant two alternative paths to federal court after the warden denies his request for a compassionate-release motion. In *United States v. Haney*, the Southern District of New York determined that "the statute does not necessarily require the moving defendant to fully litigate his claim before the agency (*i.e.*, the BOP) before bringing his petition to court." *United States v. Haney*, No. 19-CR-541 (JSR), 2020

3

WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020). "Rather, it requires the defendant *either* to exhaust administrative remedies *or* simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court." *Id*.

Fortunately, this Court has some guidance from the Sixth Circuit. In *Alam*, the court repeatedly interprets the statute as giving defendants two alternative tracks to federal court. "[P]risoners who seek compassionate release have the *option* to take their claim to federal court within 30 days, no matter the appeals available to them." *Alam*, 960 F.3d at 834 (emphasis added). As the Sixth Circuit views it, the statute "imposes a requirement on prisoners before they may move on their own behalf: They must 'fully exhaust[ ] all administrative rights' *or else* they must wait for 30 days after the warden's 'receipt of [their] request.'" *Id*. at 833 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)). "If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must 'fully exhaust[ ] all administrative rights to appeal' with the prison *or* wait 30 days after his first request to the prison." *Alam*, 960 F.3d at 833–34 (6th Cir. 2020) (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)). The court further clarified that, for those prisoners who choose to "pursue administrative review," they are not required to complete it before coming to federal court. *Id*. at 836. "[P]risoners have the option to go to federal court" if they pursue administrative review and it "comes up short (*or if 30 days pass*)." *Id*. (emphasis added).

Hatton has not met either requirement set forth in the statute. First, there is no evidence that he served the warden of his facility with a request for a compassionate-release motion. With his motion, he attaches an "Attempt at Informal Resolution" in which he requests that he be considered for compassionate release or home confinement. It does not appear that this request

was served on the warden. The request is dated July 2, 2020. The denial is dated the same day and is signed by the unit manager.

Regardless, however, even Hatton did serve the request on the warden, Hatton has not presented any evidence that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A).

As to his alternative path to federal court, Hatton made his request for compassionate release on July 2, 2020. It was received that day, at least by the unit manager. Hatton filed this motion July 14, 2020. Thus, even if his request made it to the warden on July 2, Hatton did not wait 30 days after the warden's receipt of his request before filing this motion. This was the situation facing the court in *Alam*, where the defendant waited just 10 days after the warden's receipt of his request to file his motion in federal court. The Sixth Circuit determined the appropriate ruling is to deny the motion without prejudice and permit the defendant to "refile with the benefit of whatever additional insight he may have gleaned" since he filed the original motion. *Alam*, 960 F.3d at 836.

Accordingly, the Court hereby ORDERS that Hatton's motion for compassionate release (DE 33) is DENIED without prejudice.

Dated July 31, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

5